United States District Court
Southern District of Texas
**ENTERED**
December 10, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NICK DOUCET, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-01793 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| BOARDWALK PIPELINES LP, | § | |
| Defendant, | § | |
| | § | |
| CLEVELAND INTEGRITY SERVICES INC, | § | |
| Intervenor-Defendant. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

Plaintiff Nick Doucet is a former employee of Intervenor-Defendant Cleveland Integrity Services, Inc but was assigned to work for its customer Defendant Boardwalk Pipelines, LP. Dkt 33 at 1. He signed an arbitration agreement as part of his hiring process that required him to "arbitrate all claims that have arisen or will arise out of Employee's employment with or termination from the Company." Dkt 8-1 at 9-10.

Doucet brought this action to assert claims (both individually and for others similarly situated) under the Fair Labor Standards Act for unpaid overtime compensation and other damages. See generally Dkt 1. He alleges that he and others regularly worked in excess of forty-hours a week, but that Boardwalk failed to pay them required overtime. Dkt 1 at ¶ 3–5. CIS intervened,

asserting that the arbitration agreement governed his claims. Dkt 10.

The case was referred for disposition to Magistrate Judge Sam S. Sheldon. Dkt 29. CIS filed a motion to compel arbitration. Dkt 33. Judge Sheldon considered the motion and recommended that it be granted. Dkt 41. Doucet timely objected, contending that the Magistrate Judge erred in concluding that his claims against Boardwalk are within the scope of his arbitration agreement with CIS. Dkt 42.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglas v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Comm Note (1983).

The Court has reviewed *de novo* the objection by Doucet. The objection lacks merit and disposition is clearly controlled by authority cited in the Memorandum and Recommendation. In particular, a valid arbitration clause exists with a delegation clause leaving the question of arbitrability to the arbitrator. See Dkt 41 at 5–6. Even if the delegation clause weren't so construed, other cases have found the language of the delegation clause at issue here to require arbitration. Id at 7–9, citing *Snow v Silver Creek Midstream Holdings LLC*, 467 F Supp 3d 1168 (D Wyo 2020); *Althenhofen v Southern Star Central Gas Pipeline Inc*, 2020 WL6877575 (WD Ky); and *Robertson v Enbridge (US) Inc*, 2020 WL5751641 (WD Pa). This Court has also previously so concluded. See *Ferguson v Weatherford Lamb Inc*, 2020 WL 7024342 (SD Tex).

The Court has otherwise considered and reviewed the Memorandum and Recommendation, the pleadings, and the objection. No clear error appears.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 41.

The motion by Intervenor-Defendant Cleveland Integrity Services, Inc to compel arbitration is GRANTED. Dkt 33.

The parties are ORDERED to submit their dispute to binding arbitration.

This case is STAYED AND ADMINISTRATIVELY CLOSED pending the outcome of arbitration.

SO ORDERED.

Signed on December 10, 2021, at Houston, Texas.

*[signature: Chas R Eskridge II]*
Hon. Charles Eskridge
United States District Judge