United States District Court
Southern District of Texas
**ENTERED**
August 11, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

NICK DOUCET,

      **Plaintiff,**

v.                                **CIVIL ACTION NO. 4:20-CV-1793**

BOARDWALK PIPELINES, L.P.,

      **Defendant,**

CLEVELAND INTEGRITY SERVICES,
INC.,

      **Intervenor-Defendant.**

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff's Motion for Reconsideration. (Dkt. No. 46.) The Court has considered the motion, the responses, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's Motion for Reconsideration be **GRANTED** and that Intervenor-Defendant CIS's Motion to Compel Arbitration (Dkt. No. 33) be **DENIED**.

## I.    BACKGROUND

Plaintiff Nick Doucet ("Doucet" or "Plaintiff") sued Defendant Boardwalk ("Boardwalk") for allegedly failing to pay overtime as required by the Fair Labor Standards Act ("FLSA"). (Dkt. No. 1.) Boardwalk moved to compel arbitration. (Dkt. No. 8.) Boardwalk argued that it was entitled to enforce the arbitration agreement Plaintiff signed with Cleveland Integrity Services, Inc. ("CIS"), the staffing company that Plaintiff contracted with and who sent Plaintiff to work for

---

[1] The District Judge referred the entire case to the undersigned Magistrate Judge for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure ("Rule") 72. (*See* Dkt. No. 29.)

Boardwalk. (*Id.*) CIS moved to intervene (Dkt. No. 10) and the Court granted CIS's request. (Dkt. No. 31.) CIS then moved to compel arbitration, claiming it could force Doucet to arbitrate with Boardwalk. (Dkt. No. 33.) The Court recommended CIS's motion be granted. (*See* Dkt. No. 41.) The Court found that there was a valid delegation clause between CIS and Doucet and then ruled the clause covered Doucet's claims against Boardwalk. (*Id.* at 6–7.)

The District Court subsequently adopted the recommendation. (Dkt. No. 45.) It found that a valid agreement existed between Plaintiff and CIS, which meant that it was up to an arbitrator to decide whether Plaintiff agreed to arbitrate his claims against Boardwalk. (*Id.* at 2.) Plaintiff then filed a Motion for Reconsideration. (Dkt. No. 46.) In his Motion, presently before the Court, Plaintiff argues that a subsequent decision by the Fifth Circuit renders the Court's previous finding wrong as a matter of law. (*See Id.* at 1–2.) The Court agrees that the Fifth Circuit's subsequent decision in *Newman v. Plains All Am. Pipeline, L.P.*, 23 F.4th 393 (5th Cir. 2022) ("*Newman I*"), and its progeny, now control the present case and, as such, reconsideration is proper.

## II.   LEGAL STANDARDS

### A.  Motion for Reconsideration

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Insurance Company v. Fair Grounds Corporation*, 123 F.3d 336, 339 (5th Cir. 1997). In the Fifth Circuit:

> [a] motion asking the court to reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed. *Texas A&M Research Foundation v. Magna Transportation, Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam), *cert. denied*, 134 S. Ct. 57 (2013). The Order from which Plaintiff seeks relief was entered on December 10, 2021. (Dkt. No. 45.) Plaintiff filed the pending Motion to Reconsider on January 7, 2022, within the twenty-eight-day window. (Dkt. No. 46.) Accordingly, analysis under Rule 59(e) is appropriate.

"Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem, Inc*., 367 F.3d 473, 479 (5th Cir.), *cert. denied sub nom. Irvin v. Hydrochem, Inc*., 125 S. Ct. 411 (2004). A manifest error of law is an error "that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)) (quoting Black's Law Dictionary 563 (7th ed. 1999)). Rule 59(e) "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Department of Employment Security*, 102 S. Ct. 1162, 1166 (1982)). To prevail on a Rule 59(e) motion, the movant must show either: (1) a manifest error of law or fact; (2) an intervening change in controlling law; or (3) the availability of new evidence not previously available. *See Schiller v. Physicians Resource Group, Inc*., 342 F.3d 563, 567 (5th Cir. 2003). "A Rule 59(e) motion 'calls into question the correctness of a judgment'" and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

Relief under Rule 59(e) is an "extraordinary remedy that should be used sparingly." *Id.* at 479. Courts considering motions to reconsider are duty-bound to "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the

basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

### III.     ANALYSIS

#### A.  SUBSEQUENT ON-POINT PRECEDENT JUSTIFIES RECONSIDERATION

##### a.   *Newman I*

*Newman I* held that (1) the court, not an arbitrator, should always decide if an arbitration agreement exists between two parties and that (2) the court's answer as to whether an arbitration agreement exists necessarily decides whether a given agreement is enforceable between the parties. 23 F.4th at 398 ("When a court decides whether an arbitration agreement exists, it necessarily decides its enforceability between parties."). Based on this holding, Plaintiff argues that the Court should grant reconsideration because the first step under *Newman I* requires the Court to decide whether an arbitration agreement exists between Plaintiff and Boardwalk. (Dkt. No. 46 at 2.)

In response, Defendants assert that *Newman I* is "wholly inapposite" because it is an opinion addressing a "*non-signatory* motion to compel arbitration and says nothing about this Court's decision granting CIS's Motion as a signatory to [Plaintiff's] agreement." (Dkt. No. 48 at 1.) (emphasis added) But, as Plaintiff correctly notes, the fact that CIS is a signatory to the agreement and sought relief is immaterial—"the question before the court is not whether CIS and [Plaintiff] agreed to arbitrate with each other[]. [The question] . . . is whether CIS or Boardwalk established the existence of an agreement by [Plaintiff] to arbitrate with Boardwalk." (Dkt. No. 49 at 2); *See Newman*, 23 F.4th 393 at *3. Per the holding in *Newman I*, this is a question for the Court, instead of an arbitrator.

The fact that Plaintiff agreed to arbitrate with CIS does not answer the question of whether Plaintiff agreed to arbitrate with Boardwalk. Moreover, because the Fifth Circuit has made clear

that the Court must first decide if an arbitration agreement exists between the parties in question, the arbitration clause between Plaintiff and CIS cannot satisfy the first step outlined in *Newman I*. The Court must decide if an arbitration agreement exists between Plaintiff and Boardwalk because "[t]he parties cannot delegate disputes over 'the very existence of an [] [arbitration] agreement." *Id*. at 398 (citing *Lloyd's Syndicate 457 v. FloaTEC, L.L.C.*, 921 F.3d 508, 514 (5th Cir. 2019)).

The Court's reasoning is further bolstered by two cases that applied the holding in *Newman I*. In a subsequent case involving the same parties, "*Newman II*," the Fifth Circuit held, like in *Newman I*, that "any dispute about whether [p]laintiffs must arbitrate with [a defendant] is a dispute over the *existence* of an agreement to arbitrate [with that defendant], not over the scope provisions or delegation clause in the arbitration agreement." *Newman v. Plains All Am. Pipeline, L.P.*, No. 21-51089, 2022 WL 1114407, at *2 (5th Cir. Apr. 14, 2022) ("*Newman II*").

Here, *Newman II* forecloses Defendant's argument that the operative difference between this case and *Newman I* is that CIS is a signatory to the arbitration agreement. *Newman II* makes clear that the inquiry remains for the court to decide whether an arbitration agreement exists, even when the signatory staffing company (like CIS) moved to compel arbitration between a plaintiff and a non-signatory defendant (like Boardwalk).

This analysis was again confirmed in *Hinkle v. Phillips 66 Co.*, 35 F.4th 417 (5th Cir. 2022). In *Hinkle*, the Fifth Circuit directly held that the court must decide whether an arbitration agreement exists between the plaintiff and defendant being sued, even when a signatory intervenor filed a motion to compel arbitration. *Id*. at 418. Applying *Hinkle* to this case, whether the agreement between Plaintiff and CIS requires Plaintiff to arbitrate his claims with Boardwalk:

> depends on whether the agreement is enforceable between [Plaintiff] and [Boardwalk]. That [CIS], the signatory to the agreement, is the one trying to compel arbitration makes no difference. The issue is not whether [Plaintiff] has an

arbitration agreement with anyone—it is whether he has an agreement to arbitrate with the party he is suing, [Boardwalk].

*Id*. This holding is directly applicable to the facts in the present case and is an intervening change in the controlling law within the scope of Rule 59(e). As such, the Court must weigh whether this change warrants reconsideration.

**b.**   *The Change in Controlling Law Warrants Reconsideration*

The previously adopted Memorandum and Recommendation found that because a valid agreement existed between Plaintiff and CIS, the only issue before the Court was that of either arbitrability or scope of arbitration. (Dkt. No. 41 at 4, 7.) That determination cannot survive the Fifth Circuit's intervening holding in *Newman I* and its progeny, *Newman II* and *Hinkle*. Rule 59(e) "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister*, 140 S. Ct. at 1703 (quoting *White*, 102 S. Ct. at 1166). One of the criteria that allows a party to prevail on a Rule 59(e) motion is an intervening change in controlling law. *See Schiller*, 342 F.3d at 567. But, courts considering motions to reconsider are duty-bound to "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc.,* 6 F.3d at 355.

Here, Plaintiff has met his burden of showing that an intervening change in the law warrants this Court to reconsider its previous decision. Even accounting for the balance between the competing imperatives of finality and the need to render just results, the Court is persuaded that reconsideration is proper because the intervening decisions are directly on point and fundamentally change the disposition of the case. As such, the proper balance is for the Court to reconsider Plaintiff's arguments in light of the intervening decisions.

## IV.    CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion for Reconsideration (Dkt. No. 46) be **GRANTED** and that Intervenor-Defendant CIS's Motion to Compel Arbitration (Dkt. No. 33) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on August 11, 2022.

Sam S. Sheldon
United States Magistrate Judge