United States District Court
Southern District of Texas
**ENTERED**
September 23, 2022
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| NICK DOUCET, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:20-cv-01793 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| BOARDWALK | § | |
| PIPELINES LP, | § | |
| Defendant. | § | |

### ORDER ADOPTING
### MEMORANDUM AND RECOMMENDATION

Pending is a Memorandum and Recommendation by Magistrate Judge Sam S. Sheldon dated August 11, 2022. Dkt 54. Also pending are objections filed by Defendant Boardwalk Pipelines LP and Intervenor Cleveland Integrity Services Inc. Dkt 55.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Upon *de novo* review and determination, Defendant and Intervenor's objections lack merit. No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The pending recommendation correctly notes that recent Fifth Circuit decisions require the Court to determine whether an enforceable arbitration agreement exists between Plaintiff Nick Doucet and Boardwalk. See Dkt 54 at 4–6, citing *Newman v Plains All American Pipeline LP*, 23 F4th 393 (5th Cir 2022) (*Newman I*); *Newman v Plains All American Pipeline LP*, 2022 WL 1114407 (5th Cir) (*Newman II*); *Hinkle v Phillips 66 Co*, 35 F4th 417 (5th Cir 2022). Neither CIS nor Boardwalk specifically objects to the fact there's no explicit analysis of whether an agreement exists between Doucet and Boardwalk on the face of that recommendation. But it's implicit in the recommendation under consideration that Doucet and Boardwalk *did not* agree to arbitrate. Such a conclusion follows from *Hinkle*, where the Fifth Circuit affirmed denial of arbitration on nearly identical facts. 35 F4th 417. And in any event, the contention has never been that non-signatory Boardwalk had some sort of direct agreement with Doucet in its own right.

The objections by Defendant Boardwalk Pipelines LP and Intervenor Cleveland Integrity Services Inc to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 55.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 54.

The motion by Plaintiff Nick Doucet for reconsideration is GRANTED. Dkt 46

The motion by Intervenor Cleveland Integrity Services Inc to compel arbitration is DENIED. Dkt 33.

The request by Plaintiff Nick Doucet for attorney fees is DENIED. Dkt 57 at 10–12.

SO ORDERED.

Signed on September 23, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge